# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ERIC BREWER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 08-cv-765-DRH |
| | ) |
| ROGER E. WALKER, JR., et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Plaintiff Eric Brewer, currently an inmate in the Pontiac Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

In April 2007, whil in the Lawrence Correctional Center, Brewer witnessed Inmate Fenner

assault Officer Sanders. Instead of ignoring the altercation, Brewer intervened, pulled Fenner off Saunders and pinned Fenner to the ground until other officers arrived. Brewer was placed in administrative segregation, where he was interviewed by Internal Affairs about the incident. Within 48 hours he was transferred to another prison for his own safety; a series of other transfers followed, and at each new institution Brewer was housed in the segregation unit. Eventually he found himself at Pontiac and discovered that Fenner was also there. Fenner told other inmates that Brewer was a snitch, and Brewer is now subjected to frequent harassment and threats by other inmates. Brewer has sought a transfer to another institution, but he also states that he is subject to harassment at every institution. Finally, he alleges that he was promised a transfer to a work-release program, but that placement has not yet happened. For the harassment he has received, Brewer now seeks $135,000 in compensatory damages, an unspecified amount in punitive damages, and assignment to a work-release program for the remainder of his sentence.

Brewer does not specify which of his constitutional rights have been violated by these events. He seems upset that he has spent so much time in administrative segregation at different institutions, but inmates do not have a right to be housed in general population or to remain at a single institution. *Sandin v. Conner*, 515 U.S. 472, 484 (1995) (inmate has liberty interest in being in general prison population only if conditions of his or her confinement impose "atypical and significant hardship...in relation to the ordinary incidents of prison life."); *Hewitt v. Helms*, 459 U.S. 460, 468 (1983) (no liberty interest in remaining in prison's general population); *Meachum v. Fano*, 427 U.S. 215, 224-25, *reh. denied*, 429 U.S. 873 (1976) (no liberty interest in remaining in a particular institution with state system).

Moreover, it is well established that in the absence of a state rule creating a specific entitlement, prisoners have no liberty interest in placement. *See Montgomery v. Anderson*, 262 F.3d

641, 644 (7th Cir. 2001); *DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992). Illinois law leaves assignment to work-release, like any other transfer, to the discretion of prison officials. *See* 20 Ill. Adm. Code § 455.30. These rules merely establish eligibility for such placement, and eligibility by itself does not confer an entitlement. *DeTomaso*, 970 F.2d at 213. Accordingly, Brewer has no constitutional claim regarding Defendants' failure to place him on work release.

Finally, Brewer is clearly upset by the harassment he receives from other inmates. Sadly, such harassment is part of prison life. If it comes through some trickery or scheming of a correctional officer there may be some policy issue or administrative concern for the Department of Corrections and certainly nothing which the Court can condone. However, Brewer does not allege that he has suffered anything other than verbal harassment, and he admits that his frequent transfers are done in an effort to protect his safety. Verbal harassment, without more, does not give rise to an Eighth Amendment claim. *See, e.g., DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000); *Gutierrez v. Peters*, 111 F.3d 1364, 1375 (7th Cir. 1997); *Kincaid v. Vail*, 969 F.2d 594, 602 (7th Cir. 1992).

In summary, the complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice, and all pending motions are now **MOOT**.[1] Brewer is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). **IT IS SO ORDERED.**

DATED: **April 14, 2009.**

/s/    DavidRHerndon
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] If Brewer wishes to file a federal lawsuit against officials at Pontiac regarding the disciplinary actions taken at that institution, as referenced in his motions and supplements (Docs. 9-13), he must file those claims in the Central District.